No. 26-3069

In the
# United States Court of Appeals
# for the Ninth Circuit

In re: DMCA Section 512(h) Subpoena to Google LLC

NIMA GHARAVI,

*Petitioner-Appellant,*

v.

GOOGLE LLC,

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:25-mc-80164-WHO
Hon. William H. Orrick

## APPELLANT'S ADDENDUM TO OPENING BRIEF

Nima Gharavi
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
nima@rightcallofficialsinc.com
*Petitioner-Appellant*

A-1

# ADDENDUM

**ADDENDUM**

**TABLE OF CONTENTS**

**Page**

1. 17 U.S.C. § 512(a) ................................................................................... A-3

2. 17 U.S.C. § 512(c)(1)............................................................................... A-3

3. 17 U.S.C. § 512(c)(3)(A) ......................................................................... A-4

4. 17 U.S.C. § 512(d) ................................................................................... A-5

5. 17 U.S.C. § 512(h) ................................................................................... A-6

6. 17 U.S.C. § 512(k)(1)(A)–(B)................................................................. A-7

7. 17 U.S.C. § 512(n) ................................................................................... A-8

8. Fed. R. Civ. P. 45(a)(3)............................................................................ A-8

9. Standing Order for Civil Cases Before District Judge William H. Orrick (May 2023), § 4 (Discovery Disputes)................................................................... A-8

A-2

**1. 17 U.S.C. § 512(a)**

(a) Transitory Digital Network Communications.—A service provider shall not be liable for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the provider's transmitting, routing, or providing connections for, material through a system or network controlled or operated by or for the service provider, or by reason of the intermediate and transient storage of that material in the course of such transmitting, routing, or providing connections, if—

(1) the transmission of the material was initiated by or at the direction of a person other than the service provider;

(2) the transmission, routing, provision of connections, or storage is carried out through an automatic technical process without selection of the material by the service provider;

(3) the service provider does not select the recipients of the material except as an automatic response to the request of another person;

(4) no copy of the material made by the service provider in the course of such intermediate or transient storage is maintained on the system or network in a manner ordinarily accessible to anyone other than anticipated recipients, and no such copy is maintained on the system or network in a manner ordinarily accessible to such anticipated recipients for a longer period than is reasonably necessary for the transmission, routing, or provision of connections; and

(5) the material is transmitted through the system or network without modification of its content.

**2. 17 U.S.C. § 512(c)(1)**

(c) Information Residing on Systems or Networks At Direction of Users.—

(1) In general.—A service provider shall not be liable for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the storage at the direction of a user of

A-3

material that resides on a system or network controlled or operated by or for the service provider, if the service provider—

(A)(i) does not have actual knowledge that the material or an activity using the material on the system or network is infringing;

(ii) in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent; or

(iii) upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material;

(B) does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity; and

(C) upon notification of claimed infringement as described in paragraph (3), responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity.

## 3. 17 U.S.C. § 512(c)(3)(A)

(3) Elements of notification.—

(A) To be effective under this subsection, a notification of claimed infringement must be a written communication provided to the designated agent of a service provider that includes substantially the following:

(i) A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

(ii) Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.

A-4

(iii) Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.

(iv) Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.

(v) A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

(vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

## 4. 17 U.S.C. § 512(d)

(d) Information Location Tools.—A service provider shall not be liable for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the provider referring or linking users to an online location containing infringing material or infringing activity, by using information location tools, including a directory, index, reference, pointer, or hypertext link, if the service provider—

(1)(A) does not have actual knowledge that the material or activity is infringing;

(B) in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent; or

(C) upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material;

A-5

(2) does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity; and

(3) upon notification of claimed infringement as described in subsection (c)(3), responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity, except that, for purposes of this paragraph, the information described in subsection (c)(3)(A)(iii) shall be identification of the reference or link, to material or activity claimed to be infringing, that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate that reference or link.

## 5. 17 U.S.C. § 512(h)

(h) Subpoena To Identify Infringer.—

(1) Request.—A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.

(2) Contents of request.—The request may be made by filing with the clerk—

(A) a copy of a notification described in subsection (c)(3)(A);

(B) a proposed subpoena; and

(C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

(3) Contents of subpoena.—The subpoena shall authorize and order the service provider receiving the notification and the subpoena to expeditiously disclose to the copyright owner or person authorized by the copyright owner information

A-6

sufficient to identify the alleged infringer of the material described in the notification to the extent such information is available to the service provider.

(4) Basis for granting subpoena.—If the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider.

(5) Actions of service provider receiving subpoena.—Upon receipt of the issued subpoena, either accompanying or subsequent to the receipt of a notification described in subsection (c)(3)(A), the service provider shall expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification.

(6) Rules applicable to subpoena.—Unless otherwise provided by this section or by applicable rules of the court, the procedure for issuance and delivery of the subpoena, and the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum.

## 6. 17 U.S.C. § 512(k)(1)(A)–(B)

(k) Definitions.—

(1) Service provider.—(A) As used in subsection (a), the term "service provider" means an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received.

(B) As used in this section, other than subsection (a), the term "service provider" means a provider of online services or network access, or the operator of facilities therefor, and includes an entity described in subparagraph (A).

**7. 17 U.S.C. § 512(n)**

(n) Construction.—Subsections (a), (b), (c), and (d) describe separate and distinct functions for purposes of applying this section. Whether a service provider qualifies for the limitation on liability in any one of those subsections shall be based solely on the criteria in that subsection, and shall not affect a determination of whether that service provider qualifies for the limitations on liability under any other such subsection.

**8. Fed. R. Civ. P. 45(a)(3)**

(3) Issued by Whom. The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

**9. Standing Order for Civil Cases Before District Judge William H. Orrick (May 2023), § 4 (Discovery Disputes)**

4. Discovery Disputes

In the event of a discovery dispute, lead trial counsel for the parties shall meet and confer in person or by videoconference to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer.

If, after a good faith effort, the parties have not resolved their dispute, they shall prepare a concise joint statement of five pages or less, stating the nature and status of all pending disputes and certifying that they have met the meet-and-confer requirement. Absent an order of this Court, parties shall not file affidavits or exhibits other than copies of the written requests for discovery and the answers or objections thereto.

If a joint statement is not possible, each side may submit a brief individual statement of two pages or less. In addition to the certification of compliance with the meet-and-confer requirement, the individual statement shall include an explanation of why a joint statement was not possible. The joint statement or individual statements shall be e-filed in the Civil Events category of Motions and Related Filings > Motions-General > Discovery Letter Brief.

A-8

The Court will advise the parties of the need, if any, for more formal briefing or a hearing, pursuant to Civil Local Rule 7-1(b). The Court may also elect to refer the matter to a magistrate judge or special master. If a magistrate judge is assigned to a case for discovery, that judge shall handle any future discovery disputes in that case and the parties shall comply with the procedures set by that judge for discovery.