No. 26-3069

In the

# United States Court of Appeals for the Ninth Circuit

In re: DMCA Section 512(h) Subpoena to Google LLC

NIMA GHARAVI,

*Petitioner-Appellant,*

v.

GOOGLE LLC,

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:25-mc-80164-WHO
Hon. William H. Orrick

**EXCERPTS OF RECORD**
Volume 1 of 1

Nima Gharavi
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
nima@rightcallofficialsinc.com
*Petitioner-Appellant*

## INDEX

**Page**

Order Re Discovery Dispute,
Docket No. 39 (filed Apr. 8, 2026) ................................................................. ER-3

Joint Discovery Letter Brief,
Docket No. 37 (filed Jan. 26, 2026) ................................................................. ER-6

Non-Party Google LLC's Rule 7.1 Corporate Disclosure Statement and
Certification of Conflicts and Interested Entities or Persons,
Docket No. 8 (filed Oct. 13, 2025) ................................................................. ER-13

Subpoena to Produce Documents, Information, or Objects (bearing the pre-
reassignment caption No. 4:25-mc-80164-DMR),
Docket No. 2 (filed June 24, 2025) ................................................................. ER-15

Notice of Appeal,
Docket No. 40 (filed May 7, 2026) ................................................................. ER-22

District Court Docket Sheet,
N.D. Cal. No. 3:25-mc-80164-WHO ............................................................. ER-25

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NIMA GHARAVI,

        Petitioner,

    v.

GOOGLE LLC,

        Respondent.

Case No.  25-mc-80164-WHO

**ORDER RE DISCOVERY DISPUTE**

Re: Dkt. No. 37

The parties raise a discovery dispute on how Section 512(h) of the Digital Millenium Copyright Act ("DMCA") may apply to this case.  Petitioner Nima Gharavi ("Gharavi") seeks to compel respondent Google, LLC ("Google") to "conduct a search of all systems containing subscriber information for the YouTube accounts identified in [his] subpoena, including YouTube, Google Account, and AdSense databases."  Joint Discovery Dispute ("Dispute") [Dkt. No. 37] at 3.  Google, in turn, maintains that a Section 512(h) subpoena "cannot compel a service like AdSense, which does not store the allegedly infringing information, to disclose information." *Id.* at 5.

Section 512(h) of the DMCA provides a "streamlined procedure through which copyright holders may subpoena internet service providers . . . for information identifying an alleged copyright infringer." *In re DMCA § 512(h) Subpoena to Twitter, Inc.* ("*Twitter*"), 608 F. Supp. 3d 868, 877 (N.D. Cal. 2022) (Chhabria, J.); *see* 17 U.S.C. § 512(h).  "'Service providers' generally include entities that maintain websites, deliver network access, or host content on their servers." *In re Subpoena of Internet Subscribers of Cox Comms., LLC* ("*Cox*"), 148 F.4th 1056, 1058 (9th Cir. 2025); 17 U.S.C. § 512(k).

Gharavi's position appears to be this: Google's systems, including YouTube and AdSense,

are "functional[ly] integrat[ed]," with each system falling under the broad umbrella of Google. *See* Dispute at 1. Google then "propagates user account information across YouTube, Google Account, and AdSense systems through integrated databases that synchronize automatically." *Id.* This structure is similarly reflected in Google's certificate of interested entities, Gharavi argues, as Google does not list YouTube or AdSense as independent service providers. *Id.* In his view, "YouTube and AdSense [therefore] are internal product names for services operated by Google LLC, not separate entities that can fragment disclosure obligations." *Id.* To the extent that "information is unavailable in YouTube databases but available in integrated Google Account and AdSense databases," Gharavi concludes that Section 512(h) "requires searching those . . . integrated solutions." *Id.* at 2.

While Gharavi maintains that Google is trying to "render[] § 512(h) meaningless" by claiming "legal entity separation [to] permit[] selective disclosure searches," Google argues otherwise. *Id.* In its view, Section 512(h) is a "narrow, limited authority" that allows for subpoena requests against a service provider "storing allegedly infringing material" to disclose information identifying the alleged infringer. *Id.* at 3. Here, because the allegedly infringing material was "hosted on YouTube," Google argues that a Section 512(h) subpoena cannot reach a service provider like AdSense who "does not store the infringing material." *Id.* And it does not seem to oppose Mr. Gharavi using a "broader authority, like a Rule 45 subpoena, that is subject to full judicial oversight and other safeguards such as protective orders." *Id.* Accordingly, "to the extent the subpoena purports to compel Google to disclose AdSense identifying information," Google seeks for the subpoena to be squashed. *Id.*

There is very little caselaw to guide my decision in this dispute. I conclude, however, that while Gharavi may be permitted to seek information about AdSense, it may not do so through a 512(h) subpoena. As Google argues, AdSense is a distinct entity from YouTube—users may "form a separate relationship . . . by agreeing to AdSense Terms and Policies and can submit different information when registering for AdSense." *Id.* And individuals may use YouTube without AdSense, and vice versa. *See id.* AdSense also does not appear to perform any storage function, as Google asserts, which would place it outside the scope of a Section 512(h) subpoena

2

United States District Court
Northern District of California

power under Section 512(a). *See Cox*, 148 F.4th at 1067 (holding that a DMCA subpoena cannot be issued on an internet service provider who merely transmits the alleged infringing material).

Generally, the types of subpoenas that may be issued prior to the filing of a complaint are quite limited. Section 512(h) is one of them. A Rule 45 subpoena is an option for Gharavi, but not until he files a complaint against a party. Fed. R. Civ. P. 45. There may be other ways to acquire this information. But a Section 512(h) subpoena is the wrong vehicle for Gharavi's goals. His request to compel is DENIED.

**IT IS SO ORDERED.**

Dated: April 8, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California

3

January 26, 2026

Hon. William H. Orrick
United States District Judge
Courtroom 2 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**VIA ECF**

**RE:** *In re DMCA Section 512(h) Subpoena to Google LLC.,* **Case No.** 3:25-mc-80164-WHO

Dear Hon. Judge Orrick:

      On January 21, 2026, Petitioner Nima Gharavi ("Mr. Gharavi") and counsel for Respondent Google LLC ("Google") met and conferred via Google Meet videoconference and attempted to resolve their dispute informally. After a good faith effort, the parties have not resolved their dispute.

      Pursuant to the Court's Order of January 12, 2024 [Dkt. No. 35], Mr. Gharavi and Google hereby submit their joint statement setting forth their respective positions.

<b>PERKINS COIE LLP</b>

By: /s/ Nima Gharavi             /s/ Lauren Tsuji
     Nima Gharavi, *pro se*          Todd M. Hinnen (*pro hac vice*)
                          Lauren Tsuji, Bar No. 300155
Petitioner                      Torryn T. Rodgers, Bar No. 319126

                               Attorneys for Non-Party
                               Google LLC

**Position of Mr. Gharavi**

Under § 512(k)(1)(B), Google LLC operates YouTube's facilities, received effective notice under § 512(c)(3)(A), and judicially admitted through its certificate of interested entities [Dkt. No. 8] that no separate YouTube or AdSense entities exist—yet refuses to search the integrated systems it controls.

Google LLC qualifies as the service provider under § 512(k)(1)(B) as the operator of facilities for YouTube. The statute defines service provider to include a provider of online services or network access, or the operator of facilities therefor. 17 U.S.C. § 512(k)(1)(B). Google LLC clearly falls within this definition as the operator of YouTube's online services and the integrated facilities that enable content storage and monetization.

The factual record demonstrates functional integration across Google's systems. YouTube channel creation **requires** a *Google account*. YouTube monetization **requires** *AdSense integration*, with revenue from YouTube advertising *disbursed through* AdSense accounts linked to creators' Google accounts. Google stores and propagates user account information across YouTube, Google Account, and AdSense systems through integrated databases that synchronize automatically, enabling unified user management across Google's services. When YouTube users update account information such as email addresses, Google propagates these changes across these integrated systems. This is not manual linking of separate systems—this is automated synchronization reflecting unified data management.

Google LLC owns the infrastructure. Google LLC is the legal entity that owns or leases server hardware hosting YouTube content and maintains Internet connectivity for YouTube servers. Google LLC is listed as the registered owner for Internet Protocol (IP) address blocks 142.250.0.0/15, 172.217.0.0/16, and 2607:F8B0::/32, which are assigned to YouTube servers and serve YouTube traffic. Google LLC is also registered as the owner of Autonomous System Number (ASN) 15169—the Border Gateway Protocol (BGP) routing identifier that controls how Internet traffic reaches YouTube's servers and determines which entity operates the network infrastructure. These operational realities confirm Google LLC as the operator of facilities for YouTube under § 512(k)(1)(B).

Google's certificate of interested entities confirms no separate service providers exist. Under Civil Local Rule 3-15, Google was required to disclose entities with a financial interest in the subject matter in controversy or in a party to the proceeding. Google listed only Google LLC, XXVI Holdings Inc., and Alphabet Inc. Conspicuously absent are any YouTube or AdSense entities. If YouTube or AdSense were truly independent service providers—as Google claims—they would have substantial financial interests requiring disclosure. Their omission is a judicial admission that YouTube and AdSense are internal product names for services operated by Google LLC, not separate entities that can fragment disclosure obligations.

Google misrepresents controlling precedent. Google invokes *In re Subpoena of Internet Subscribers of Cox Commc'ns, LLC*, 148 F.4th 1056 (9th Cir. 2025) ("*Cox*"), *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003) ("*Verizon*"), and *In re Charter Commc'ns, Inc., Subpoena Enforcement Matter*, 393 F.3d 771 (8th Cir. 2005) ("*Charter*") to argue § 512(h) reaches only the specific internal Google product storing infringing content, not other integrated systems also operated by Google. This interpretation finds no support in the cited cases.

*Cox* held only that § 512(h) subpoenas cannot compel providers performing exclusively § 512(a) transitory network functions because such providers *cannot receive* effective takedown notifications under § 512(c)(3)(A). 148 F.4th at 1067–69. The court explained that § 512(h) applies

1

ER-7

to service providers performing functions under § 512(b), (c), or (d)—not § 512(a)—*with respect to the alleged infringement at issue*. *Id.* at 1067. The holding turned on the provider's functional role, not on permissible corporate structuring or product-based limitations. **Google** performs § 512(c) storage functions *with respect to the alleged infringement at issue. Cox* provides no support for product-based carve-outs within a qualifying provider.

*Verizon* similarly addressed which types of providers qualify for § 512(h) subpoenas, not how qualifying providers may structure internal operations to avoid compliance. The D.C. Circuit characterized as "border[ing] upon the silly" the argument that § 512(h) could possibly apply to providers performing *only* § 512(a) conduit functions. 351 F.3d at 1236. The court explained that "[d]efine all the world as an ISP if you like, the validity of a § 512(h) subpoena still depends upon the copyright holder having given the ISP, however defined, a notification effective under § 512(c)(3)(A)." *Id.* Here, all DMCA takedown notifications were effective under § 512(c)(3)(A). They were sent to and acknowledged by Google LLC using @google.com corporate email addresses. No conduit-only provider issue exists. *Verizon* does not authorize product silos within qualifying providers.

*Charter* likewise addressed whether mere conduit ISPs could be compelled under § 512(h), holding they could not because they perform only § 512(a) functions. 393 F.3d at 777. Nothing in *Charter* suggests that a provider performing § 512(c) storage functions—as Google's YouTube product admittedly does—may avoid searching integrated systems by designating certain databases as belonging to different internal products.

Google conflates two distinct questions: which service providers are subject to § 512(h), and whether qualifying providers may arbitrarily restrict searches within their integrated operations. *Cox*, *Verizon*, and *Charter* answer only the first question—providers performing storage functions under § 512(c) are subject to § 512(h), while providers performing only transitory network functions under § 512(a) are not. None of these cases authorize a qualifying provider to fragment internal integrated systems and selectively search only one component when responding to subpoenas.

Google's interpretation creates a roadmap for statutory evasion. As the § 512(k)(1)(B) service provider, Google maintains functional integration for business purposes—requiring linked accounts, synchronized data, and unified infrastructure. Yet Google simultaneously claims legal entity separation permits selective disclosure searches, rendering § 512(h) meaningless. This siloing problem would make the remedy a dead letter. The Court should reject this interpretation and affirm that the service provider—here, Google LLC—must search all systems under its operational control containing subscriber information with respect to the alleged infringement at issue. Cox, 148 F.4th at 1067.

Google claims YouTube users chose to remain anonymous by not providing name and address information to YouTube, so the information is unavailable under § 512(h)(3). But this argument assumes Google searched only YouTube-specific databases. Google's July 28, 2025 supplemental production voluntarily expanded to include Google Account data—yet after Mr. Gharavi requested AdSense information, Google reversed position, claiming § 512(h) limits searches only to its YouTube product. Moreover, Google routinely produces this exact information—including AdSense billing profiles with names and addresses—when served with subpoenas issued pursuant to expedited discovery orders in copyright cases. *Cordova v. Huneault*, No. 5:25-cv-04685-VKD, slip op. at 5:5-7 (N.D. Cal. Sept. 12, 2025). Google's disparate treatment proves the information exists in ordinary course, can be produced without undue burden, and that Google's statutory interpretation is pretextual—applied selectively based on subpoena type rather

than actual legal requirements. If information is unavailable in YouTube databases but available in integrated Google Account and AdSense databases that YouTube creators **must** use for channel operation and monetization respectively, § 512(h) requires searching those same integrated systems. The statute requires production of subscriber information from the *service provider*, not from an artificially constrained subset of that service provider's databases.

Google's objections are waived. **First**, Rule 45(d)(2)(B) requires written objections before the earlier of the compliance deadline or 14 days after service. Google served its first objections on July 11, 2025—two days after the July 9 deadline. *Sacks Holdings, Inc. v. Vaidya*, No. 24-mc-80197-PHK, 2024 WL 4730424, at *3 (N.D. Cal. Nov. 7, 2024). No good cause excuses this delay—courts recognize narrow exceptions only for incapacitation or severe illness, neither present here. *Id.* at *4. **Second**, even timely objections must be specific to the subpoena's circumstances; boilerplate objections are tantamount to no objections at all. *HI.Q, Inc. v. ZeetoGroup, LLC*, No. MC 22CV1440-LL-MDD, 2022 WL 17345784, at *12 (S.D. Cal. Nov. 29, 2022). Google's July 11 objections mirror generic language used in unrelated matters months earlier. **Third**, Google raised brand-new arguments during the August 15 and August 22 meet-and-confers. Rule 45 requires objections be raised all at once, *not in staggered batches*, so discovery **does not become a game**. *Taylor v. Cnty. of San Bernardino*, No. 5-21-CV-02088-JGB-SHK, 2024 WL 3915194, at *12 (C.D. Cal. May 7, 2024). All objections are waived.

Mr. Gharavi respectfully requests that the Court order Google LLC to conduct a search of all systems containing subscriber information for the YouTube accounts identified in the subpoena, including YouTube, Google Account, and AdSense databases, and produce all responsive information within thirty (30) days of the Court's order.

### Position of Google LLC

Section 512(h) creates a narrow, limited authority. It authorizes a copyright holder to request a subpoena compelling a service provider *storing allegedly infringing material* to disclose information sufficient to identify the alleged infringer to the extent such information is available to the service provider. It does not authorize a subpoena to compel service providers that transmit or perform other, non-storage roles with respect to infringing material to disclose information.

The allegedly infringing material here was hosted on YouTube. Mr. Gharavi submitted a notification of claimed infringement to Google, and YouTube removed the material. He obtained a Section 512(h) subpoena and Google produced the identifying information available to YouTube. Mr. Gharavi now argues that Google must produce identifying information available to AdSense, a separate service also operated by Google, that does not store the infringing material. As the statute and controlling circuit authority state, a Section 512(h) subpoena cannot compel disclosure by a service provider such as AdSense that does not store the infringing material. If Mr. Gharavi wants to compel a non-storing service provider to disclose information, he must use a broader authority, like a Rule 45 subpoena, that is subject to full judicial oversight and other safeguards such as protective orders. Accordingly, to the extent the subpoena purports to compel Google to disclose AdSense identifying information, the subpoena should be quashed.

### Section 512(h) Only Authorizes Subpoenas that Compel a Service Provider Storing Allegedly Infringing Material to Disclose Identifying Information

Congress crafted Section 512(h) as a limited, pre-suit mechanism that permits a subpoena to issue only to a service provider that received a takedown notification for allegedly infringing material stored on its service. *See In re Subpoena of Internet Subscribers of Cox Commc'ns LLC*,

3

148 F.4th 1056, 1063 (9th Cir. 2025) ("The 512(h) subpoena authority is inextricably intertwined with the [takedown] notification."). Whether such a subpoena may compel a provider depends on the "role" or "function" the provider performs "with respect to the infringement at issue." *Id.* at 1067. The subpoena authority applies only to a provider that stores allegedly infringing material that it could remove in response to a takedown notification. *Id.* at 1062-63. Like the Ninth Circuit, the D.C. and Eighth Circuits have held that Section 512(h) subpoenas are "structurally linked" to storage and cannot be used to compel providers performing other functions to disclose user information. *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1237 (D.C. Cir. 2003); *In re Charter Commc'ns, Inc.*, 393 F.3d 771, 777 (8th Cir. 2005).

### YouTube Has Produced the Identifying Information Available to It

Here, YouTube is the service that stored the allegedly infringing videos. YouTube is one of more than 70 products or services offered by Google.[1] YouTube effectuated the takedown notification, removing the videos. Google produced the identifying information that is available to YouTube. YouTube does not verify the names and addresses a user provides when signing up for the YouTube service, and users may not provide information that accurately identifies them if they want to post content anonymously or for other reasons. Accordingly, verified name and address information is often not available to YouTube.

Mr. Gharavi has compelled Google to disclose the identifying information available to the service that stored the allegedly infringing material. A Section 512(h) subpoena does not authorize him to do more. If he wants additional information from service providers performing different functions, he must use a broader discovery authority. *See Charter*, 393 F.3d at 775 n.3.[2]

### AdSense Is a Distinct Service that Does Not Store User Content

AdSense did not store the allegedly infringing videos and does not store user content. AdSense is an advertising and monetization service separate and distinct from YouTube. Users form a separate relationship with AdSense by agreeing to AdSense Terms and Policies[3] and can submit different information when registering for AdSense. Users can use AdSense without using YouTube, and can use YouTube without using AdSense. A copyright holder could not properly submit a takedown notification to AdSense and, therefore, cannot use a Section 512(h) subpoena to compel AdSense to disclose information.

Mr. Gharavi argues that his subpoena compels Google to search the information maintained by *all* of its products and services and to disclose responsive information maintained *anywhere* within Google. He invokes Section 512(k)'s broad definition of "service provider," but ignores that it grants compulsory subpoena power only to certain types of service providers—those that store the infringing material. He urges the Court to adopt the corporate entity approach used for Local Civil Rule 3-15 disclosures rather than the functional service provider approach *Cox*, *Verizon*, and *Charter* all held Section 512(h) requires. Section 512(h) does not create a broad, enterprise-wide discovery authority applicable to all products and services owned by a corporate entity; it creates a narrow, limited authority applicable only to providers that perform the function

---

[1]*See* http://about.google/products/.

[2] Mr. Gharavi correctly observes that Google has disclosed AdSense billing profiles in response to Rule 45 subpoenas. If Mr. Gharavi initiated a case against the alleged infringer, then, under Court supervision and subject to appropriate protections, he could serve a Rule 45 subpoena on Google and, if otherwise permitted by law, Google would disclose AdSense information.

[3] *See* http://adsense.google.com/adsense/terms; http://support.google.com/adsense/answer/48182.

4

of storing the allegedly infringing material. *See Verizon*, 351 F.3d at 1233 ("We conclude from both the terms of § 512(h) and the overall structure of § 512 that . . . a subpoena may be issued only to an ISP engaged in storing on its servers material that is infringing or the subject of infringing activity.").

Were the corporate, enterprise-wide approach Mr. Gharavi urges correct, *Cox*, *Verizon*, and *Charter* all would have been decided differently. Cox, Verizon, and Charter all satisfy Section 512(k)'s broad definition of service provider, and each maintained within their corporate networks information identifying the alleged infringers. But the courts held that these service providers could not be compelled to disclose that information where it was maintained in connection with a transmission function as opposed to a storage function. As the Ninth Circuit observed, what matters is not what a service provider *is*; instead, "[w]hat matters is the function performed with respect to the alleged infringement at issue." *Cox*, 148 F.4th at 1067.  AdSense does not perform a storage function with respect to the alleged infringement at issue. Therefore, Mr. Gharavi cannot use a Section 512(h) subpoena to compel Google to disclose identifying information maintained by AdSense.

Mr. Gharavi criticizes Google for engaging in "product-silo" evasion, but Congress, not Google, determined that a Section 512(h) "subpoena may issue to an ISP only under the prescribed conditions" that the provider stored the infringing material and received a takedown notification. *Charter*, 393 F.3d at 777.

### Objections and Sanctions

To the extent Mr. Gharavi suggests waiver or sanctions, Google's conduct has been proper and not sanctionable. Google engaged with Mr. Gharavi in good faith for weeks, produced responsive records, met and conferred, and clearly articulated its legal position regarding Section 512(h)'s limits.

### Conclusion

The statute and controlling case law clearly resolve this dispute. A Section 512(h) subpoena cannot compel a service like AdSense, which does not store the allegedly infringing information, to disclose information. To the extent the subpoena purports to compel the disclosure of AdSense information, it must be quashed.

ER-12

**<u>Attestation Regarding Signatures - Local Rule 5-1(i)</u>**

     I, Nima Gharavi, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated: January 26, 2026

By: /s/ Nima Gharavi
    Nima Gharavi, *pro se*

Petitioner

i

ER-12

PERKINS COIE LLP

Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
Torryn T. Rodgers, Bar No. 319126
TRodgers@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Todd M. Hinnen (*pro hac* forthcoming)
THinnen@perkinscoie.com
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

Attorneys for Non-Party
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC, | Case No. 4:25-mc-80164-DMR<br><br>NON-PARTY GOOGLE LLC'S RULE 7.1 CORPORATE DISCLOSURE STATEMENT AND CERTIFICATION OF CONFLICTS AND INTERESTED ENTITIES OR PERSONS |

Pursuant to Federal Rule of Civil Procedure 7.1, Plaintiff Google LLC discloses the following:

Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% ownership of Alphabet Inc.'s stock.

Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Google LLC

2. XXVI Holdings Inc., Holding Company of Google LLC

3. Alphabet Inc., Holding Company of XXVI Holdings Inc.

Dated:  October 13, 2025                **PERKINS COIE LLP**


By: */s/ Elise Edlin*
    Elise Edlin, Bar No. 293756
    Torryn T. Rodgers, Bar No. 319126
    Todd M. Hinnen, *pro hac* forthcoming

Attorneys for Non-Party
Google LLC

-1-

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| In re DMCA 512(h) Subpoena to Google LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                         Google LLC
                    1600 Amphitheatre Pkwy, Mountain View, CA 94043
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Nima Gharavi<br>4610 North Clark St. #1098<br>Chicago, IL 60640 | Date and Time:<br><br>07/18/2025 7:09 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    6/24/25

          *CLERK OF COURT*
          *Mark B.Busby*           OR

      _____      _____
       *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiff

Nima Gharavi                                                    , who issues or requests this subpoena, are:

Pro Se, 4610 North Clark St. #1098, Chicago, IL 60640, +1 (773) 899-4688, dmca@midwestwrestle.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A TO SUBPOENA TO GOOGLE LLC

### SCHEDULE OF DOCUMENTS TO BE PRODUCED

For each of the subsequently listed user account(s): the name, last known address, last known telephone number, any electronic mail addresses associated with each account from three (3) years to the date of production and any logs of Internet Protocol addresses used to access the subject account(s) from three (3) years to the date of production. *See In re DMCA Subpoena to eBay, Inc.*, No. 15-CV-922-BEN-MDD, 2015 WL 3555270, at *4 (S.D. Cal. June 5, 2015) (holding a DMCA subpoena issued on April 2, 2015, valid and enforceable for production of "the name, last known address, last known telephone number, any electronic mail addresses associated with each account from January 1, 2012, to the date of the subpoena and any logs of Internet Protocol addresses used to access the subject accounts" during the same period).

## USER ACCOUNTS FROM DMCA NOTICE #1

1. @JJ_HunkyPanky (JJ)

    a. https://www.youtube.com/channel/UCGDvO79fLKxG4oqqgS-

    SDaQ

## USER ACCOUNTS FROM DMCA NOTICE #2

2. @WALY.VERDUN

    a. https://www.youtube.com/channel/UCOb5tFAjZwUUQeafvff1S2

    Q

## USER ACCOUNTS FROM DMCA NOTICE #3

3. @HotSports-h7d

    a. https://www.youtube.com/@HotSports-h7d

## USER ACCOUNTS FROM DMCA NOTICE #4

4. @AtlasSocialClub

    a. https://www.youtube.com/channel/UCvW0ZyV0WYYohvDXQS9

    k-rg

## USER ACCOUNTS FROM DMCA NOTICE #5

5. @SportsWomen-y3x5y

a. https://www.youtube.com/@SportsWomen-y3x5y

## USER ACCOUNTS FROM DMCA NOTICE #6

6. @Islamicstates33 (ISLAMIC STATES) [Formerly: @usgirlswrisling (US Girls)]

a. https://www.youtube.com/channel/UCiJIGcQEk_BJaWFTPNuuv7 A

## USER ACCOUNTS FROM DMCA NOTICE #7

7. @Mixmaster-2025 (Mix master)

a. https://www.youtube.com/@Mixmaster-2025

## USER ACCOUNTS FROM DMCA NOTICE #8

8. @WiscoWrestler (WiscoWrestler)

a. https://www.youtube.com/channel/UCRepwc3AOoUZE1umB_gla ig

3

# Exhibit 3

NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Petitioner *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC | Case No.: <br><br> DECLARATION IN SUPPORT OF SUBPOENA TO OBTAIN THE IDENTITY OF ONE OR MORE ALLEGED INFRINGERS PURSUANT TO 17 U.S.C. § 512(h) |

1

DECLARATION IN SUPPORT OF SUBPOENA PURSUANT TO 17 U.S.C. § 512(h)
CASE NO.:

I, Nima Gharavi, declare under penalty of perjury that the following is true and correct:

1. **Purpose**: I am the exclusive owner of all copyrights in all motion pictures published to the YouTube channel "https://www.youtube.com/MidwestWrestle" (collectively "the Work") protected under U.S. copyright law.  I have reason to believe that one or more individuals have infringed my copyright(s) in the Work by publishing one or more unauthorized reproductions copied from the Work.

2. **DMCA Notice**: I sent one or more DMCA takedown notices ("Exhibit 1") pursuant to 17 U.S.C. Section 512(c)(3)(A) regarding the alleged infringement.

3. **Request for Subpoena**: I am requesting the issuance of a subpoena pursuant to 17 U.S.C. § 512(h) to identify the alleged infringer(s).  The information sought through this subpoena will be used solely for the purpose of protecting my rights under Title 17.

4. **Good Faith Belief**: I have a good faith belief that the use of the material in the manner complained of is not authorized by me, my agent, or the law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 20, 2025 at Chicago, Illinois.

Nima Gharavi

Petitioner *Pro Se*

2

DECLARATION IN SUPPORT OF SUBPOENA PURSUANT TO 17 U.S.C. § 512(h)
CASE NO.:

ER-21

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF | NORTHERN DISTRICT OF CALIFORNIA |

### Form 1. Notice of Appeal from a Judgment or Order of a United States District Court

U.S. District Court case number: | 3:25-mc-80164-WHO |

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: | 06/23/2025 |

Date of judgment or order you are appealing: | 04/08/2026 |

Docket entry number of judgment or order you are appealing: | 39 |

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

◉ Yes    ○ No    ○ IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

| Nima Gharavi |

Is this a cross-appeal?  ○ Yes    ◉ No

If yes, what is the first appeal case number? | N/A |

Was there a previous appeal in this case?  ○ Yes    ◉ No

If yes, what is the prior appeal case number? | N/A |

Your mailing address (if pro se):

| 4610 North Clark St. #1098 |

| |

City: | Chicago |    State: | IL |    Zip Code: | 60640 |

Prisoner Inmate or A Number (if applicable): | N/A |

**Signature** | s/ Nima Gharavi |    **Date** | May 7, 2026 |

*Complete and file with the attached representation statement in the U.S. District Court*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 1**    *Rev. 06/09/2022*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Nima Gharavi

Name(s) of counsel (if any):

N/A

Address: N/A

Telephone number(s): N/A

Email(s): N/A

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

Google LLC

Name(s) of counsel (if any):

Todd M. Hinnen (pro hac vice)
Lauren Tsuji

Address: 1301 Second Avenue, Suite 4200, Seattle, WA 98101-3804

Telephone number(s): (206) 359-3384 / (206) 359-3577

Email(s): THinnen@perkinscoie.com / LTsuji@perkinscoie.com

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                    *1*                    *New 12/01/2018*

Continued list of parties and counsel: *(attach additional pages as necessary)*

**<u>Appellants</u>**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

**<u>Appellees</u>**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                                     *2*                          *New 12/01/2018*

ER-24

https://ecf.cand.uscourts.gov/cgi-bin/DktRpt.pl?153590494456436-L_1_0-1

**Query**   **Reports ▾**   **Utilities ▾**   **Help**   **Log Out**

APPEAL,E-ProSe

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:25-mc-80164-WHO

In re DMCA Section 512(h) Subpoena to Google LLC.
Assigned to: Judge William H. Orrick
Case in other court: 9th Circuit Court of Appeals, 26-03069
Cause: Civil Miscellaneous Case

Date Filed: 06/24/2025
Jury Demand: None
Nature of Suit: 950 Constitutional - State Statute
Jurisdiction: Federal Question

**Respondent**

**Google LLC**                          represented by   **Elise Sabrina Edlin**
Gish PLLC
50 California Street
Suite 1500
San Francisco, CA 94111
415-630-8899
Fax: 415-630-8899
Email: eedlin@perkinscoie.com
*TERMINATED: 02/04/2026*
*ATTORNEY TO BE NOTICED*

**Lauren Jeffers Tsuji**
Perkins Coie LLP
1301 Second Avenue
Suite 4200
Seattle, WA 98101
206-359-3577
Email: ltsuji@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Todd M. Hinnen**
Perkings Coie LLP
1201 Third Ave. Suite 4900
Seattle, WA 98101
206-359-8000
Email: THinnen@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Torryn Taylor Rodgers**
Ashurst Perkins Coie US LLP
505 Howard Street
Suite 1000
San Francisco, CA 94105
415-344-7000

ER-25                            7/19/2026, 6:26 PM

Email:
Torryn.Rodgers@ashurstperkins.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Nima Gharavi**                     represented by  **Nima Gharavi**
Nima Gharavi
4610 North Clark St. #1098
Chicago, IL 60640-5023
773-899-4688
Email: nima@rightcallofficialsinc.com
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 06/23/2025 | 1 | REQUEST to the clerk for Issuance of Subpoena against Google LLC (Filing fee $ 52.). Filed by Nima Gharavi. (Attachments: # 1 *** restricted upon request *** receipt)(cv, COURT STAFF) (Filed on 6/23/2025) Modified on 10/2/2025 (cv, COURT STAFF). (Entered: 06/24/2025) |
| 06/24/2025 | 2 | Remark - Subpoena Issued. (cv, COURT STAFF) (Filed on 6/24/2025) (Entered: 06/24/2025) |
| 10/02/2025 | 3 | MOTION to Compel filed by Nima Gharavi. Responses due by 10/16/2025. Replies due by 10/23/2025. (Attachments: # 1 Declaration, # 2 Proposed Order, # 3 Certificate/ Proof of Service)(Gharavi, Nima) (Filed on 10/2/2025) (Entered: 10/02/2025) |
| 10/02/2025 | 4 | Certificate of Interested Entities by Nima Gharavi (Gharavi, Nima) (Filed on 10/2/2025) (Entered: 10/02/2025) |
| 10/02/2025 | 5 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Nima Gharavi.. (Gharavi, Nima) (Filed on 10/2/2025) (Entered: 10/02/2025) |
| 10/13/2025 | 6 | NOTICE of Appearance filed by Elise Sabrina Edlin on behalf of Google LLC (Edlin, Elise) (Filed on 10/13/2025) (Entered: 10/13/2025) |
| 10/13/2025 | 7 | NOTICE of Appearance filed by Torryn Taylor Rodgers on behalf of Google LLC (Rodgers, Torryn) (Filed on 10/13/2025) (Entered: 10/13/2025) |
| 10/13/2025 | 8 | Rule 7.1 Disclosures by Google LLC identifying Corporate Parent Alphabet Inc., Corporate Parent XXVI Holdings Inc. for Google LLC. (Edlin, Elise) (Filed on 10/13/2025) (Entered: 10/13/2025) |
| 10/13/2025 | 9 | MOTION to Strike 3 MOTION to Compel filed by Google LLC. Motion Hearing set for 11/4/2025 01:00 PM in Oakland, Courtroom 4, 3rd Floor before Magistrate Judge Donna M. Ryu. Responses due by 10/27/2025. Replies due by 11/3/2025. (Attachments: # 1 Declaration of Elise Edlin, # 2 Exhibit 1, # 3 Proposed Order)(Edlin, Elise) (Filed on 10/13/2025) (Entered: 10/13/2025) |
| 10/14/2025 | 10 | OPPOSITION/RESPONSE (re 9 MOTION to Strike 3 MOTION to Compel ) filed byNima Gharavi. (Attachments: # 1 Declaration, # 2 Proposed Order)(Gharavi, Nima) (Filed on 10/14/2025) (Entered: 10/14/2025) |

| 10/14/2025 | | Electronic filing error. ***For the Proposed Order (attached to the Motion to Strike), the case number is for another action. Please amend and re-file the Proposed Order in its entirety with the correct case number.*** Re: 9 MOTION to Strike 3 MOTION to Compel filed by Google LLC (krp, COURT STAFF) (Filed on 10/14/2025) (Entered: 10/14/2025) |
|---|---|---|
| 10/14/2025 | 11 | Proposed Order re Electronic Filing Error, 9 MOTION to Strike 3 MOTION to Compel *[Corrected]* by Google LLC. (Edlin, Elise) (Filed on 10/14/2025) (Entered: 10/14/2025) |
| 10/14/2025 | 12 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge. (ig, COURT STAFF) (Filed on 10/14/2025) (Entered: 10/14/2025) |
| 10/15/2025 | 13 | **ORDER REASSIGNING CASE**<br><br>IT IS ORDERED that this case is directly assigned to Judge William H. Orrick. Magistrate Judge Donna M. Ryu no longer assigned to the case.<br><br>Counsel are instructed that all future filings shall bear the updated judicial initials immediately after the case number. Counsel are reminded to verify the location of the judge on the court website. All hearing and trial dates presently scheduled are vacated. However, existing briefing schedules for motions remain unchanged. Motions must be renoticed for hearing before the judge to whom the case has been reassigned, but the renoticing of the hearing does not affect the prior briefing schedule. Other deadlines such as those for ADR compliance and discovery cutoff also remain unchanged.<br><br>Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order 65 and cand.uscourts.gov/cameras.<br><br>Mark B. Busby<br>Clerk, United States District Court<br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)*<br><br>(amf, COURT STAFF) (Filed on 10/15/2025) (Entered: 10/15/2025) |
| 10/15/2025 | 14 | MOTION to Compel filed by Nima Gharavi. Motion Hearing set for 11/19/2025 02:00 PM in San Francisco, Courtroom 02, 17th Floor before Judge William H. Orrick. Responses due by 10/16/2025. Replies due by 10/23/2025. (Attachments: # 1 Declaration, # 2 Proposed Order)(Gharavi, Nima) (Filed on 10/15/2025) (Entered: 10/15/2025) |
| 10/15/2025 | 15 | CLERKS NOTICE RESETTING ZOOM HEARING -Motion Hearing reset for 12/3/2025 02:00 PM as to 3 MOTION to Compel and 9 MOTION to Strike before Judge William H. Orrick. This proceeding will be held via Zoom webinar (public hearing).<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/who<br><br>**Civ LR 77-3(d).** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |

ER-27

| | | |
|---|---|---|
| | | **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (jmd, COURT STAFF) (Filed on 10/15/2025) (Entered: 10/15/2025) |
| 10/15/2025 | 16 | NOTICE by Google LLC re 9 MOTION to Strike 3 MOTION to Compel *Non-Party Google LLC's Re-Notice of Hearing Regarding Its Motion to Strike Movant's Motion to Compel Compliance with DMCA Subpoena* (Edlin, Elise) (Filed on 10/15/2025) (Entered: 10/15/2025) |
| 10/16/2025 | 17 | OPPOSITION/RESPONSE (re 3 MOTION to Compel ) filed byGoogle LLC. (Attachments: # 1 Declaration of Meghan Schramm)(Edlin, Elise) (Filed on 10/16/2025) (Entered: 10/16/2025) |
| 10/17/2025 | 18 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-21251722.) filed by Google LLC. (Attachments: # 1 Certificate of Good Standing)(Hinnen, Todd) (Filed on 10/17/2025) (Entered: 10/17/2025) |
| 10/17/2025 | 19 | MOTION to Amend/Correct 10 Opposition/Response to Motion *to Strike 9 Motion to Compel 3* filed by Nima Gharavi. Motion Hearing set for 12/3/2025 02:00 PM in San Francisco, Courtroom 02, 17th Floor before Judge William H. Orrick. Responses due by 10/31/2025. Replies due by 11/7/2025. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Proposed Order)(Gharavi, Nima) (Filed on 10/17/2025) (Entered: 10/17/2025) |
| 10/20/2025 | 20 | **Order by Judge William H. Orrick granting 18 Motion for Pro Hac Vice by Todd M. Hinnen. (jmd, COURT STAFF) (Filed on 10/20/2025) (Entered: 10/20/2025)** |
| 10/23/2025 | 21 | REPLY (re 3 MOTION to Compel ) *Compliance with DMCA Subpoena* filed byNima Gharavi. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Gharavi, Nima) (Filed on 10/23/2025) (Entered: 10/23/2025) |
| 11/03/2025 | 22 | REPLY (re 9 MOTION to Strike 3 MOTION to Compel ) filed byGoogle LLC. (Attachments: # 1 Declaration of Torryn Rodgers)(Edlin, Elise) (Filed on 11/3/2025) (Entered: 11/03/2025) |
| 11/06/2025 | 23 | MOTION for Sanctions *Against Attorney Torryn T. Rodgers of Perkins Coie LLP* filed by Nima Gharavi. Motion Hearing set for 12/17/2025 02:00 PM in San Francisco, Courtroom 02, 17th Floor before Judge William H. Orrick. Responses due by 11/20/2025. Replies due by 11/28/2025. (Attachments: # 1 Declaration of Nima Gharavi, # 2 Exhibit 1 - Wisconsin Circuit Court Search on Gharavi, # 3 Exhibit 2 - Wisconsin Circuit Court Search on Case No. 2018TR008316, # 4 Proposed Order) (Gharavi, Nima) (Filed on 11/6/2025) (Entered: 11/06/2025) |
| 11/10/2025 | 24 | OBJECTIONS to re 22 Reply to Opposition/Response *Pursuant to Civil Local Rule 7-3(d)(1)* by Nima Gharavi. (Gharavi, Nima) (Filed on 11/10/2025) (Entered: 11/10/2025) |
| 11/13/2025 | 25 | OPPOSITION/RESPONSE (re 23 MOTION for Sanctions *Against Attorney Torryn T. Rodgers of Perkins Coie LLP* ) filed byGoogle LLC. (Attachments: # 1 Declaration of Torryn Rodgers, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Edlin, Elise) (Filed on 11/13/2025) (Entered: 11/13/2025) |
| 11/28/2025 | 26 | REPLY (re 23 MOTION for Sanctions *Against Attorney Torryn T. Rodgers of Perkins Coie LLP* ) filed byNima Gharavi. (Attachments: # 1 Exhibit 1 - Guangzhou v. Onbrill World, 1:25-cv-11051 (N.D. Ill. Nov. 12, 2025))(Gharavi, Nima) (Filed on 11/28/2025) |

ER-28

| | | |
|---|---|---|
| | | (Entered: 11/28/2025) |
| 12/01/2025 | 27 | MOTION to Strike 25 Opposition/Response to Motion, *[25-1] Declaration of Torryn Rodgers, Paragraph 6* filed by Nima Gharavi. Motion Hearing set for 1/7/2026 02:00 PM in San Francisco, Courtroom 02, 17th Floor before Judge William H. Orrick. Responses due by 12/15/2025. Replies due by 12/22/2025. (Attachments: # 1 Proposed Order Granting 27 Motion to Strike Paragraph 6 of the Declaration of Torryn Rodgers) (Gharavi, Nima) (Filed on 12/1/2025) (Entered: 12/01/2025) |
| 12/01/2025 | 28 | **ORDER GRANTING MOTION TO AMEND. Deadlines reset. Amended Response due by 12/8/2025. Amended Reply due by 12/15/2025. Motion Hearing reset for 12/17/2025 02:00 PM via Videoconference before Judge William H. Orrick. Signed by Judge William H. Orrick on 12/1/2025. (jmd, COURT STAFF) (Filed on 12/1/2025) (Entered: 12/01/2025)** |
| 12/02/2025 | 29 | Notice of MOTION and MOTION for an Order to consolidating motion hearings filed by Nima Gharavi. (Attachments: # 1 Declaration of Nima Gharavi ISO Motion for Order Consolidating Hearings, # 2 Proposed Order Granting Motion for Order Consolidating Hearings)(Gharavi, Nima) (Filed on 12/2/2025) Modified text on 12/3/2025 (cv, COURT STAFF) to with document posted by Gharavi. (Entered: 12/02/2025) |
| 12/03/2025 | | Electronic filing error. Incorrect event used.Corrected by Clerk's Office. No further action is necessary. Re: 29 MOTION to Shorten Time *re 27 Motion to Strike Paragraph 6 of the Declaration of Torryn Rodgers* filed by Nima Gharavi (cv, COURT STAFF) (Filed on 12/3/2025) (Entered: 12/03/2025) |
| 12/08/2025 | 30 | OPPOSITION/RESPONSE (re 29 MOTION ) *for Order Consolidating Motion Hearings* filed byGoogle LLC. (Edlin, Elise) (Filed on 12/8/2025) (Entered: 12/08/2025) |
| 12/08/2025 | 31 | OPPOSITION/RESPONSE (re 9 MOTION to Strike 3 MOTION to Compel ) filed byNima Gharavi. (Attachments: # 1 2d Supp. Gharavi Decl. in Supp. of Amended Opp. to Google's Mot. to Strike)(Gharavi, Nima) (Filed on 12/8/2025) (Entered: 12/08/2025) |
| 12/09/2025 | 32 | OPPOSITION/RESPONSE (re 27 MOTION to Strike 25 Opposition/Response to Motion, *[25-1] Declaration of Torryn Rodgers, Paragraph 6* ) filed byGoogle LLC. (Edlin, Elise) (Filed on 12/9/2025) (Entered: 12/09/2025) |
| 12/15/2025 | 33 | CLERK'S NOTICE - Pursuant to Civil L.R. 7-1(b) it has been determined that the 3 Motion to Compel, 9 Motion to Strike, 19 Motion to Amend, 23 Motion for Sanctions, and 27 Motion to Strike are appropriate for disposition without oral argument. As such, the hearing set for 12/17/2025 is VACATED. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (jmd, COURT STAFF) (Filed on 12/15/2025) (Entered: 12/15/2025) |
| 12/15/2025 | 34 | REPLY (re 27 MOTION to Strike 25 Opposition/Response to Motion, *[25-1] Declaration of Torryn Rodgers, Paragraph 6* ) filed byNima Gharavi. (Attachments: # 1 Exhibit 1 - Email)(Gharavi, Nima) (Filed on 12/15/2025) (Entered: 12/15/2025) |
| 01/12/2026 | 35 | **ORDER RE MOTIONS TO COMPEL AND STRIKE AND MOTION FOR SANCTIONS by Judge William H. Orrick granting 9 Motion to Strike; denying 23 Motion for Sanctions; denying 27 Motion to Strike; and denying 3 Motion to Compel. (jmd, COURT STAFF) (Filed on 1/12/2026) (Entered: 01/12/2026)** |

ER-29

| 01/26/2026 | 36 | NOTICE of Appearance filed by Lauren Jeffers Tsuji on behalf of Google LLC (Tsuji, Lauren) (Filed on 1/26/2026) (Entered: 01/26/2026) |
| 01/26/2026 | 37 | Joint Discovery Letter Brief *pursuant to Order [Dkt. No. 35]* filed by Nima Gharavi. (Gharavi, Nima) (Filed on 1/26/2026) (Entered: 01/26/2026) |
| 02/03/2026 | 38 | NOTICE by Google LLC *of Withdrawal of Attorney Elise Edlin* (Tsuji, Lauren) (Filed on 2/3/2026) (Entered: 02/03/2026) |
| 04/08/2026 | 39 | **ORDER RE DISCOVERY DISPUTE by Judge William H. Orrick re: 37 Discovery Letter Brief. (jmd, COURT STAFF) (Filed on 4/8/2026) (Entered: 04/08/2026)** |
| 05/07/2026 | 40 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Nima Gharavi. Appeal of Order on Discovery Letter Brief 39 (Appeal fee of $605 receipt number ACANDC-21957277 paid.) (Gharavi, Nima) (Filed on 5/7/2026) (Entered: 05/07/2026) |
| 05/13/2026 | 41 | USCA Case Number 26-3069 for the 9th Circuit Court of Appeals for 40 Notice of Appeal to the Ninth Circuit filed by Nima Gharavi. (krp, COURT STAFF) (Filed on 5/13/2026) (Entered: 05/15/2026) |
| 05/21/2026 | 42 | Transcript Designation Form *Indicating No Transcript Designated* (Gharavi, Nima) (Filed on 5/21/2026) (Entered: 05/21/2026) |

ER-30