No. 26-3069

In the
# United States Court of Appeals
# for the Ninth Circuit

In re: DMCA Section 512(h) Subpoena to Google LLC

NIMA GHARAVI,

*Petitioner-Appellant,*

v.

GOOGLE LLC,

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:25-mc-80164-WHO
Hon. William H. Orrick

## APPELLANT'S MOTION FOR JUDICIAL NOTICE

Nima Gharavi
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
nima@rightcallofficialsinc.com
*Petitioner-Appellant*

The district court's standing procedure for discovery disputes called for a joint statement of five pages or less, filed without exhibits other than the discovery requests and responses themselves. Standing Order § 4, Addendum to Opening Brief, DktEntry 12.2, at A-8–A-9. Within that format, Google's half of the letter characterized AdSense and cited its terms by URL rather than attaching them. ER-10 & n.3. The order then adopted the characterization as its first ground: "As Google argues, AdSense is a distinct entity from YouTube—users may 'form a separate relationship . . . by agreeing to AdSense Terms and Policies and can submit different information when registering for AdSense.'" ER-4:24–26. Those terms are Exhibit C to this motion.

An appeal is ordinarily decided on the record made in the district court; judicial notice under Federal Rule of Evidence 201 is a recognized exception, *see Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 556 n.5 (9th Cir. 1992), and it exists for precisely this situation. Pursuant to Rule 201, Federal Rule of Appellate Procedure 27, and Circuit Rule 27-1, Petitioner Nima Gharavi respectfully moves the Court to take judicial notice of four documents that Google LLC publishes on its own websites, attached as Exhibits A through D. Petitioner's opening brief (DktEntry 12.1), filed contemporaneously with this motion, cites each exhibit. Petitioner asks the Court to notice the documents and their contents— what Google's published terms and help documentation state. Granting notice

2

resolves no disputed fact: the contents of these documents are not reasonably disputable, and their interpretation is argument for the briefs.

## I. The Exhibits

Each exhibit is a print-to-PDF capture of a page Google publishes. Every page of every capture bears, in its running header and footer, the URL and the date and time of capture.

| Exhibit | Document |
|---|---|
| A | Google Terms of Service (United States version, effective May 22, 2024), captured on July 26, 2026, from https://policies.google.com/terms?hl=en |
| B | YouTube Terms of Service (dated December 15, 2023), captured on July 21, 2026, from https://www.youtube.com/static?template=terms |
| C | Google AdSense Online Terms of Service, captured on July 26, 2026, from https://adsense.google.com/adsense/terms—the address Google cited below, ER-10 n.3 |
| D | Google AdSense Help page titled "Contracting entity is Google LLC," captured on July 19, 2026, from https://support.google.com/adsense/answer/1322037?hl=en |

## II. The Exhibits Are Proper Subjects of Judicial Notice

The Federal Rules of Evidence apply to proceedings before the courts of appeals. Fed. R. Evid. 1101(a). The Court "may take judicial notice at any stage of the proceeding," Fed. R. Evid. 201(d), and "must take judicial notice if a party requests it and the court is supplied with the necessary information," Fed. R. Evid. 201(c)(2); *see Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995) (reading former Rule 201(d), now 201(c)(2), as mandatory and taking notice

on appeal over objection), *rev'd on other grounds*, 520 U.S. 548 (1997). A fact is noticeable if it is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

This Circuit applies these principles to website content on appeal. In *Daniels-Hall v. National Education Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010), the Court, in deciding the appeal, took judicial notice of information published on the websites of two school districts, noting that "neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein." *Daniels-Hall* also cited with approval district-court decisions taking notice of content published on federal-agency websites. *Id.* at 999.

The case for notice here is at least as strong. Exhibits A through D are not third-party pages: Google authored these documents and publishes them on its own websites, and Google itself invoked the AdSense terms before the district court. ER-10 & n.3. Their authenticity and accuracy are not reasonably questionable by the party that published them.

District courts within the Circuit routinely take notice of a company's own published terms and site pages. *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983–84 (N.D. Cal. 2010) (taking judicial notice of Microsoft's Xbox Live Terms of Use, "publicly available online" and "standard documents");

*Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 975–76 (N.D. Cal. 2015) (taking judicial notice of Apple's own license agreements and policies as "publicly available, standard documents that are capable of ready and accurate determination"); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of pages from LinkedIn's own website, including a help page describing one of its features). Exhibits A through C are exactly such terms; Exhibit D, a page from the same support site Google itself cited below, ER-10 n.3, stands on the footing of the help page noticed in *Perkins*.

Notice is also fair and just here. Petitioner does not present new material Google has never seen: the exhibits are Google's own publications, and it was Google that placed the AdSense terms' content before the district court. Since July 19, 2026, Google has known which documents this motion addresses, and it has a full opportunity to be heard on the request. Fed. R. Evid. 201(e); *Papai*, 67 F.3d at 207 n.5 (Rule 201(e) satisfied where the objecting party had the opportunity to address the matter in his reply brief and at oral argument). The motion is filed contemporaneously with the opening brief; the exhibits are cited with the understanding that the Court may strike those references and related arguments if it declines the request. Circuit Advisory Committee Note to Rule 27-1, ¶ (7).

### III.  The Exhibits Are Relevant to the Issues the Brief Presents

The opening brief cites Exhibits A through C for what each states on its face: the master Google terms, the YouTube terms, and the AdSense terms each name Google LLC as the contracting party. Ex. A at 3–4; Ex. B at 4; Ex. C at 2; Opening Br. Summary of Argument and Part I.C.[1] Those statements bear directly on the order's first stated ground, quoted above. ER-4:24–26. The brief cites Exhibits B and D for Google's published statements on withholding and tax collection as to monetizing publishers. Ex. B at 10–11; Ex. D at 2; Opening Br. Part IV.B.

### IV.  Google's Position

On July 19, 2026, Petitioner identified the four documents by URL and requested Google's position on this motion. Counsel acknowledged the request on July 20, 2026, and on July 24, 2026, advised that Google could not take a position without an explanation of why the documents are subject to judicial notice. Petitioner supplied that explanation by email on July 25, 2026, and this motion supplies it as well. On July 26, 2026, counsel advised that the explanation would be discussed with Google. Google had taken no position on the motion when it was filed.

---

[1]Pin citations to the exhibits use each exhibit's physical pagination, counting its cover sheet as page 1.

## CONCLUSION

The Court should take judicial notice of Exhibits A through D.

Dated: July 30, 2026                    Respectfully submitted,

                                        /s/ Nima Gharavi
                                        Nima Gharavi
                                        *Petitioner-Appellant*

7

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,189 words. This motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface, 14-point Times New Roman, using Microsoft Word.

Dated: July 30, 2026

/s/ Nima Gharavi
Nima Gharavi
*Petitioner-Appellant*