## No. 26-3069

# In The United States Court of Appeals for the Ninth Circuit

---

NIMA GHARAVI,

*Petitioner-Appellant,*

v.

GOOGLE LLC,

*Respondent-Appellee.*

---

On Appeal from the United States District Court
for the Northern District of California
Case No. 3:25-mc-80164
Hon. William H. Orrick

---

### RESPONDENT-APPELLEE GOOGLE LLC'S RESPONSE TO APPELLANT'S MOTION FOR JUDICIAL NOTICE

Addison W. Bennett
ASHURST PERKINS COIE US LLP
2525 E. Camelback Road
Suite 500
Phoenix, Arizona 85016
(602) 351-8000

Todd M. Hinnen
Lauren Tsuji
ASHURST PERKINS COIE US LLP
1301 2nd Avenue
Suite 4200
Seattle, Washington 98101
(206) 359-8000
Todd.Hinnen@ashurstperkins.com

*Counsel for Respondent-Appellee Google LLC*

Petitioner-Appellant Nima Gharavi seeks judicial notice of four documents—the Google Terms of Service (Ex. A), YouTube Terms of Service (Ex. B), AdSense Terms of Service (Ex. C), and an AdSense Help page (Ex. D)—which he claims bear on this appeal. Dkt. 15. Respondent-Appellee Google LLC respectfully files this limited opposition to make two points: (1) Exhibits A, B, and D were not part of the record below[1]; and (2) the facts that Gharavi attempts to draw from these documents are not relevant to Gharavi's appeal. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 (9th Cir. 2018) ("A court must also consider—and identify—which fact or facts it is noticing" from a "document," and the purpose for which the fact is offered.). For those reasons, the Court should decline to take judicial notice.

Because it is this Court's practice to consider motions for judicial notice with the merits, *see* Circuit Advisory Committee Note 7 to Circuit Rule 27-1, Google will only briefly restate the dispute here. This appeal concerns whether Gharavi's subpoena to Google under 17 U.S.C. § 512(h), concerning alleged copyright infringement on a YouTube account, required Google to respond with information about the alleged infringer drawn from other Google services, including its AdSense service. The district court held that Section 512(h) does not support such a broad

---

[1] As Gharavi notes, Exhibit C (the AdSense Terms document) was incorporated by reference into Google's submission to the district court, and is thus already part of the record. *See* ER-10 n.3. Judicial notice is not necessary for this document.

subpoena because AdSense and YouTube are distinct providers that perform distinct services, and only YouTube stores or displays the infringing content. *See* ER 4-5.

It "is rarely appropriate for an appellate court to take judicial notice of facts that were not before the district court." *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n. 7 (9th Cir. 2000). The kinds of facts for which judicial notice is appropriate are "adjudicative" facts, Fed. R. Evid. 201, meaning facts that "normally" go to the factfinder, *Pearson v. Arizona*, No. 20-cv-237, 2020 WL 5544373, at *2 (D. Ariz. Sept. 16, 2020) (citing Fed. R. Evid. 201, Advisory Committee Notes, Note to Subdivision (a)). So the baseline presumption is that, if Gharavi thought that the documents were relevant to his case, he should have introduced them to the district court to make any relevant findings of fact.

To be clear, Google does not dispute that it publishes Terms of Use and Help pages for its services. That fact alone—to the extent it is not already in the record, *but see* ER-10 n.3—is subject to judicial notice. Google would not object to the Court taking "judicial notice of the *fact* of" those documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Even so, Gharavi intends to use these documents for another purpose: to challenge the district court's conclusion that "AdSense is a distinct entity from YouTube," such that users form "separate relationship[s]" with each service. Dkt. 15 at 2 (citing ER 4). His Opening Brief

argues that the relevant "Service Provider" subject to subpoena-response obligations under 17 U.S.C. § 512 is "Google LLC" as a whole, irrespective of whatever service or business unit hosts or stores alleged copyright-infringing information. *See* Dkt. 12 at 14-16. Accordingly, his position in the motion for judicial notice is that Google LLC is the "contracting party" for each service, apparently suggesting that all Google services are in fact a single, unified service with broad subpoena-response obligations under Section 512(h). Dkt. 15 at 6.

As Google argued below (ER 10), as the district court held (ER 4-5), and as Google is preparing to argue in its Answering Brief, that issue is simply not relevant to the scope of a Section 512(h) subpoena. What matters is not which corporate *entity* receives a subpoena, but whether the recipient performs a distinct *service* that stores the allegedly infringing content. There is no dispute in this case that Google LLC owns both YouTube and AdSense, nor is there any dispute that these business units offer different services to their users and perform different functions with respect to the allegedly infringing material, and that each is governed by distinct terms of service and other policies. *See* ER 10.

Google will more fully explain in its Answering Brief why the fact that "Google LLC [is] the contracting party" (Dkt. 15 at 6) does not bear on the result of this appeal. When the Court takes up this motion with the merits of the appeal, it will see that Gharavi intends to use these documents to make irrelevant assertions that are, accordingly, not sub-

– 3 –

ject to judicial notice. *See, e.g.*, *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006) (declining to take judicial notice of reports that were not relevant to the resolution of the appeal*); Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n. 7 (9th Cir. 2000) (declining to take judicial notice of statistics that were not relevant to any issue on appeal). Because the fact for which Gharavi intends to use these documents is not a "fact of consequence in determining the action," there is no reason for this Court to take judicial notice of it. *See* Fed. R. Evid. 401(b).

August 10, 2026

Addison W. Bennett
ASHURST PERKINS COIE US LLP
2525 E. Camelback Road
Suite 500
Phoenix, Arizona 85016
(602) 351.8000

Respectfully Submitted,

*s/ ____Todd M. Hinnen_____*
Todd M. Hinnen
Lauren Tsuji
ASHURST PERKINS COIE US LLP
1301 2nd Avenue
Suite 4200
Seattle, Washington 98101
(206) 359-8000
Todd.Hinnen@ashurstperkins.com

*Counsel for Respondent-Appellee Google LLC*

– 4 –

## CERTIFICATE OF COMPLIANCE

1. This Response complies with the type-volume limitation of Federal Rule of Appellate Procedure because it contains 856 words.

2. This Response complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1) and 32(a)(5) and the type-style requirements of Federal Rules of Appellate Procedure 27(d)(1) and 32(a)(6) because it has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: August 10, 2026     *s/  Todd M. Hinnen*

         *Counsel for Respondent-Appellee*
         *Google LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2026, I electronically filed the foregoing Answering Brief of Respondent-Appellee Google LLC, with the Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


Dated: August 10, 2026          *s/ ____Todd M. Hinnen_____*

*Counsel for Respondent-Appellee Google LLC*

– 6 –