# No. 26-3069

# In The United States Court of Appeals for the Ninth Circuit

NIMA GHARAVI,

*Petitioner-Appellant,*

v.

GOOGLE LLC,

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
Case No. 3:25-mc-80164
Hon. William H. Orrick

### RESPONDENT-APPELLEE GOOGLE LLC'S UNOPPOSED MOTION TO EXTEND TIME TO FILE ANSWERING BRIEF

Addison W. Bennett
ASHURST PERKINS COIE US LLP
2525 E. Camelback Road
Suite 500
Phoenix, Arizona 85016
(602) 351-8000

Todd M. Hinnen
Lauren Tsuji
ASHURST PERKINS COIE US LLP
1301 2nd Avenue
Suite 4200
Seattle, Washington 98101
(206) 359-8000
Todd.Hinnen@ashurstperkins.com

*Counsel for Respondent-Appellee Google LLC*

Respondent-Appellee Google LLC respectfully requests a 60-day extension of time, to and including October 27, 2026, to file its Answering Brief. This is Google's first request for an extension of time. Without the requested extension, Google's Answering Brief is due on August 28, 2026. *See* Dkt. 11. Appellant Nima Gharavi does not oppose this requested extension of time.

As explained in the accompanying declaration of counsel, *see* Circuit Rule 31-2(b), an extension is necessary to accommodate the working and personal schedules of both Google's counsel and Google's primary in-house point of contact with responsibility for this case. Specifically, undersigned counsel have numerous court-ordered and other professional obligations, including multiple dispositive motions due in federal and state courts within the next 60 days requiring substantial preparation. Additionally, undersigned counsel of record for Google serves on the Global Board of Ashurst Perkins Coie US LLP and has multiple international-travel obligations in that capacity in the next 60 days. And Google's primary in-house contact with responsibility for this appeal also has multiple, pre-planned professional and personal obligations, including international travel, that may interfere with his ability to meet the current briefing deadline.

Moreover, while there is some available precedent that Google believes will control the outcome of this appeal, as the district court observed, this case ultimately addresses the application of that precedent

– 1 –

to this specific question for the first time. *See* ER 4. Accordingly, Google wishes to use the additional time to research and develop arguments that will be most helpful to the Court, ensuring that it can adequately explain various complex legal issues, as well as Google's relevant business and technical systems—all of which will require careful exposition and briefing.

For these reasons, and for those stated in the accompanying declaration of counsel, *see* Circuit Rule 31-2(b), Google requests that the Court grant its requested extension of time.

August 11, 2026                              Respectfully Submitted,

                                             s/ _____Todd M. Hinnen_____
                                             Todd M. Hinnen
Addison W. Bennett                           Lauren Tsuji
ASHURST PERKINS COIE US LLP                  ASHURST PERKINS COIE US LLP
2525 E. Camelback Road                       1301 2nd Avenue
Suite 500                                    Suite 4200
Phoenix, Arizona 85016                       Seattle, Washington 98101
(602) 351.8000                               (206) 359-8000
                                             Todd.Hinnen@ashurstperkins.com


*Counsel for Respondent-Appellee Google LLC*

– 2 –

## Declaration of Todd M. Hinnen

I, Todd M. Hinnen, declare that:

1. I am a partner at the law firm Ashurst Perkins Coie US LLP, and I serve as counsel of record for Respondent-Appellee Google LLC in *Gharavi v. Google*, No. 26-3069. I file this declaration in support of Google's motion for an extension of time to file its Answering Brief.

2. On August 10, 2026, I contacted Nima Gharavi, who is proceeding *pro se* in this matter, by email and requested his position on Google's requested extension. Mr. Gharavi responded that he does not oppose Google's request.

3. Google's Answering Brief is currently due on August 28, 2026. With the requested extension, the brief would be due on October 27, 2026.

4. This is Google's first request for an extension of time. Google does not anticipate requesting any further extensions of time, absent extraordinary circumstances.

5. Google has diligently begun preparing to draft and file its Answering Brief but has encountered various professional and personal obstacles that make adhering to the current deadline difficult.

6. Specifically, in the next 60 days, my team and I are responsible for meeting various court deadlines, including but not limited to: a motion to dismiss in the Western District of Washington (due August 10); briefs in the Arizona Supreme Court (due August 14); a motion to dismiss in the Central District of California (due August 14); a reply brief in the Western District of Washington (due August 31); class-certification brief-

ing in the Cook County, Illinois Circuit Court (in September 2026); a motion to dismiss in the District of Arizona (due September 11); a reply brief in the Northern District of California (due September 16); and more.

7.    I serve on the Global Board for Ashurst Perkins Coie US LLP. In that capacity, I will be traveling out of the country on business from September 7-11 and October 10-17, 2026.

8.    Additionally, the primary in-house point of contact for my client who has responsibility for this appeal has multiple pre-planned business and personal travel outside of the country in September and October.

9.    As a result of these obligations and others, despite our diligent efforts to meet the Court's original deadline, my team and my client would benefit from additional time to prepare a well-researched and carefully drafted brief that will be most helpful to the Court.

10.    There are no transcripts, and thus the court reporter is not in default. *See* Circuit Rule 31-2(b)(7).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 11, 2026.

/s/*Todd M. Hinnen*_____
Todd M. Hinnen

## CERTIFICATE OF COMPLIANCE

This Response complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 308 words excluding the parts exempted by Rule 27(a)(2)(B) and the accompanying declaration; and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the same program used for the word count).

Dated:  August 11, 2026          *s/ Todd. M. Hinnen*

*Counsel for Respondent-Appellee*
*Google LLC*