**No. 26-3069**

In the

# United States Court of Appeals for the Ninth Circuit

In re: DMCA Section 512(h) Subpoena to Google LLC

NIMA GHARAVI,

*Petitioner-Appellant*,

v.

GOOGLE LLC,

*Respondent-Appellee*.

On Appeal from the United States District Court
for the Northern District of California
No. 3:25-mc-80164-WHO
Hon. William H. Orrick

## APPELLANT'S REPLY IN SUPPORT OF MOTION FOR JUDICIAL NOTICE

Nima Gharavi
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
nima@rightcallofficialsinc.com
*Petitioner-Appellant*

Google's response (DktEntry 17.1, "Resp.") to Petitioner's motion for judicial notice (DktEntry 15.1, "Mot.") leaves the motion's Rule 201 showing undisputed and contests only what the noticed facts will prove. Google "does not dispute that it publishes" the four exhibits and "would not object" to judicial notice of the fact of those documents. Resp. at 2. It states that Exhibit C is "already part of the record." Resp. at 1 n.1. And it states that "[t]here is no dispute in this case that Google LLC owns both YouTube and AdSense." Resp. at 3. What remains is Google's contention that the exhibits' contents do not matter to this appeal. Google reserves the substance of that contention for its answering brief. Resp. at 3. That is the line Petitioner's motion drew at the outset: notice of the documents and their contents now; their interpretation for the briefs. Mot. at 2–3. Each of the response's two objections fails on its own authorities.

## I. The first objection fails: Rule 201 answers record confinement.

The response's lead objection is that Exhibits A, B, and D "were not part of the record below," Resp. at 1, and that Petitioner "should have introduced them to the district court," Resp. at 2. But the motion

opens with the answer the response never engages: the district court took this dispute on a joint letter of five pages under Standing Order § 4, with no affidavits or exhibits beyond the discovery requests and responses themselves, Mot. at 2, and ruled without ordering further briefing. Rule 201 exists for that situation. Judicial notice is a recognized exception to the rule confining appellate review to the record. *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 556 n.5 (9th Cir. 1992). The Court "must" take notice "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). And this Court has taken notice on appeal over a party's objection to its propriety. *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997). The response addresses none of these authorities. And *Lowry v. Barnhart*, which places judicial notice among the exceptions to record confinement, prescribes the very course Petitioner took: litigants "should proceed by motion or formal request so that the court and opposing counsel are properly apprised." 329 F.3d 1019, 1024–25 (9th Cir. 2003).

Google's own authority supplies the rest. The footnote quoted for the proposition that notice of extra-record facts is "rarely appropriate" continues: "We may, however, properly take judicial notice of facts outside of the record when creating new rules of law." *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000). That exception speaks directly to this appeal: the district court decided the question with "very little caselaw to guide" it, ER-4:22, and Google's motion to extend its answering-brief deadline agrees the appeal addresses the application of precedent "to this specific question for the first time." DktEntry 18.1 at 1–2. Even so, the motion does not need that exception: it asks adjudicative-fact notice of the publisher's own documents under Rule 201(b)(2). *Flick*'s denial, meanwhile, has no purchase here: the appellant there, after a full summary-judgment process below, "did not present any facts to the district court" and sought notice on appeal to cure that failure. 205 F.3d at 392 n.7. Petitioner had no such process to fail. This subpoena proceeding was freestanding—no underlying civil action existed—and the ruling under review issued on the five-page letter alone.

Google's own filings then narrow the objection further. Footnote 1 reasons that Google's citation of the AdSense terms by URL below made Exhibit C "part of the record." Resp. at 1 n.1. Google's declarant did the same for the YouTube Terms of Service, identifying them by the very URL from which Exhibit B was captured: "AdSense and YouTube are governed by different Terms of Service." Schramm Decl. ¶ 8, N.D. Cal. Dkt. 17-1; a copy is attached as Exhibit 1. On Google's own reasoning, Exhibit B stands with Exhibit C, and the objection reduces to Exhibits A and D—Google's own publications, identified to Google by URL on July 19, 2026, and on which Google has now been heard in full. Fed. R. Evid. 201(e); Mot. § II.

**II. The second objection fails: relevance is the merits question.**

The response's remaining objection is that the noticed facts are "simply not relevant." Resp. at 3. Relevance is not among Rule 201(b)'s criteria; in Google's own authorities it operates only as a limit on notice that could serve no purpose. *Pearson* says so expressly—"relevance is not explicitly required to satisfy Rule 201"—and granted notice over a relevance objection raised for the first time at oral argument, on a request that identified no purpose at all beyond making the court

"aware" of the fact. *Pearson v. Arizona*, No. CV-20-00237-PHX-MTL, 2020 WL 5544373, at *2 (D. Ariz. Sept. 16, 2020). *Santa Monica* granted notice of four documents, including a permit application and an agreement accessed at the city's official website. *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006). And *Flick* declined statistics that bore on no issue in the appeal, on any reading of the figures. 205 F.3d at 392 n.7. Denial on relevance grounds is reserved for material that could not matter under any resolution of the appeal. Nothing here fits that description: the motion identifies each fact and states the purpose each serves.

The order itself shows why. Its first stated ground adopted the characterization that "AdSense is a distinct entity from YouTube" whose users may "form a separate relationship . . . by agreeing to AdSense Terms and Policies." ER-4:24–26. On that ground, the order limited a subpoena that concerns eight YouTube accounts. ER-17–ER-18. What the terms state—Google LLC named as the contracting party in each, Ex. A at 3–4; Ex. B at 4; Ex. C at 2—bears directly on that ground and on the identity of the "service provider," 17 U.S.C. § 512(k)(1)(B). And under the rule the response itself invokes, evidence

is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a)–(b); Resp. at 4. The second objection thus fails on its own authority: facts the order relied on in ruling are, by definition, facts of consequence to review of that ruling.

Whether those facts change the result is the merits—and Google has placed the question exactly there. It defers to its answering brief the argument that the contracting-party fact "does not bear on the result of this appeal." Resp. at 3. Under the Court's practice, invoked by both parties, the panel that decides the appeal will take this motion with it. Circuit Advisory Committee Note to Rule 27-1, ¶ (7); Resp. at 1. Declining notice now on relevance grounds would decide that merits dispute on the motion track instead.

**III. Two of the response's characterizations warrant correction.**

First, the response describes the district court as holding that "AdSense and YouTube are distinct providers that perform distinct services, and only YouTube stores or displays the infringing content," Resp. at 2, and repeats that description in substance, *see* Resp. at 3. The order held that AdSense is "a distinct entity"—not a distinct

"provider"—and observed only that AdSense "does not appear to perform any storage function." ER-4:24, ER-4:27–28. The word "displays" appears nowhere in the order.

Second, neither the motion nor the opening brief contends, "apparently" or otherwise, that Google's products "are in fact a single, unified service." Resp. at 3. The brief contends the opposite: several products, several sets of terms, one contracting party and one served entity. *See* Opening Br. (DktEntry 12.1) Parts I.A–I.C.

Petitioner accepts what the response concedes—common ownership, and separate terms documents—and what the terms themselves state: the same contracting party in each. But the characterization of those products as distinct "services," and the significance of any functional differences, is the question this appeal presents, not a stipulation. Nor did silence below create one: Petitioner's half of the same five-page joint letter disputed precisely these characterizations, ER-7; the order itself quotes that dispute, ER-4:6–7; and the format afforded no reply round in which anything more could have been said. Standing Order § 4 (DktEntry 12.2 at A-8–A-9).

**IV. The motion satisfies *Khoja*, and *Lee* supports notice of what the documents state.**

The response quotes *Khoja*: a court "must also consider—and identify—which fact or facts it is noticing." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); Resp. at 1. The motion does that on its face, and more. It identifies each fact—the contracting-party statements, Ex. A at 3–4; Ex. B at 4; Ex. C at 2; and Google's published statements on withholding and tax collection, Ex. B at 10–11; Ex. D at 2—and each purpose, keyed to the order's first stated ground and to Part IV.B of the opening brief. Mot. § III.

*Lee*, the response's own citation, draws the governing line. The district court there had authority to notice the fact of the extradition hearing, the fact that the waiver was signed, and the fact of a purported waiver—everything the documents showed on their face. It erred only in noticing a disputed fact: the waiver's validity. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Nothing these exhibits state is disputed; their author and publisher raised no such dispute. Resp. at 2. This Court has accordingly noticed information displayed on websites where "neither party disputes the

authenticity of the web sites or the accuracy of the information displayed." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010). And this year it noticed not only the fact of published documents but their contents. *G.B. ex rel. G.P. v. U.S. Env't Prot. Agency*, 172 F.4th 1042, 1051 n.2, 1052 n.3 (9th Cir. 2026). The motion asks for that and nothing more; what the noticed statements mean remains for the briefs.

## CONCLUSION

The response identifies no dispute about what the exhibits are or what they state. The Court should take judicial notice of Exhibits A through D.

Dated: August 12, 2026

Respectfully submitted,

/s/ Nima Gharavi
Nima Gharavi
*Petitioner-Appellant*

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 1,765 words. This reply complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface, 14-point Century Schoolbook, using Microsoft Word.

Dated: August 12, 2026

/s/ Nima Gharavi
Nima Gharavi
*Petitioner-Appellant*